IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANNIE PATTON                                                                                              PLAINTIFF

VS.                                              CASE NO. 03-CV-1169

THE CITY OF CAMDEN, ARKANSAS,
A Public Corporation; and
JON MITCHELL, n his individual
capacity                                                                                                  DEFENDANT

## ORDER

Before the Court is Plaintiff Annie Patton's Motion to Alter the Judgment. (Doc. No. 25). The Defendants have responded. (Doc. No. 28). The matter is ripe for consideration.

BACKGROUND

Plaintiff Annie Patton brought this action against the Defendants, the City of Camden, Arkansas, and Jon Mitchell, a former Camden Police Officer. Plaintiff claimed that her constitutional rights were violated when Officer Mitchell used excessive force in arresting her on March 18, 2003. The matter was tried to the Court without a jury on October 11, 2005. The Court entered its findings of fact and conclusions of law on March 1, 2006, finding in favor of Officer Mitchell and the City of Camden. A judgment in favor of the Defendants was entered the same day. Plaintiff filed this Motion to Alter the Judgment on March 14, 2006. She seeks to vacate the Court's judgment in this case pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no more

than 10 days after the entry of the judgment." Fed.R.Civ.P. 59(e).  The Eighth Circuit has explained that Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Innovative Home Health Care v. P. T. -O. T. Assoc. of the Black Hills,* 141 F.3d 1284, 1286 (8th Cir. 1998)(quoting *Norman v. Arkansas Dep't of Educ.,* 79 F.3d 748, 750 (8th Cir. 1996)).  Motions under Rule 59(e) serve the limited function of correcting " 'manifest errors of law or fact or to present newly discovered evidence.' " *Id.* (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir. 1988))  "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* "District courts enjoy broad discretion in ruling on such motions." *Capital Indemnity Co. v. Russellville Steel Co., Inc.,* 367 F.3d 831, 834 (8th Cir. 2004)(*citing Concordia College Corp. v. W.R. Grace & Co.,* 999 F.2d 326, 330 (8th Cir. 1993)).

In this case, the Plaintiff disagrees with the Court's analysis regarding her excessive force claim and the conclusions reached by it.  The Court has reviewed the pleadings and finds no manifest errors of law or fact which would justify granting a Rule 59(e) motion to amend or alter its prior judgment.  Plaintiff simply points to evidence, already considered by the Court, that she believed should have brought about a different decision in this case.  The Court finds no manifest errors of law or fact in its decision.  Thus, there is no reason for vacating the judgment in this case.  Accordingly, Plaintiff's Motion to Alter Judgment should be and hereby is **denied**.

IT IS SO ORDERED, this 8th day of May, 2006.

                                                                 /s/Harry F. Barnes  
                                                               Hon. Harry F. Barnes  
                                                               United States District Judge